**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENT CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DYLAN L. STIFFLER,

    Defendant-Appellant.

No. 09-3363

(D.C. No. 2:09-CR-20003-JWL-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BALDOCK,** and **TYMKOVICH**, Circuit Judges.

A confidential informant purchased twenty dollars worth of marijuana from Defendant Dylan Stiffler on the sidewalk just outside the Defendant's apartment in Atchison, Kansas. Following a warrant search of his residence, Defendant was charged in federal court with numerous drug and weapon offenses. Defendant filed a motion to suppress asserting the invalidity of the warrant, and requested an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). Defendant asserted the police officer's affidavit in support of the search warrant application contained intentional and/or reckless falsities that misled the state

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

magistrate into issuing the warrant based on a finding of probable cause that contraband would be found inside Defendant's residence. In support of his request for an evidentiary hearing, Defendant proffered the police report of the officer submitting the affidavit and the written statement of the confidential informant. Following oral argument, the district court found the factual recitations set forth in the affidavit supporting the warrant application diverged somewhat from those contained in the officer's report and the informant's statement. But the court did "not infer such intentional or reckless falsity from those discrepancies." Aplt's App'x at 38. Rather, the court found "at worse, those discrepancies are the product of either simply poor draftsmanship or negligence." Aplt's App'x at 38. The court observed that had the facts set forth in the affidavit precisely matched the facts set forth in the informant's statement and the police report, probable cause would have existed nonetheless, "all of which causes [the court] to believe . . . that this was not an intentional attempt to mislead the magistrate." Aplt's App'x at 40. Accordingly, the district court denied Defendant's motion to suppress and his accompanying request for an evidentiary hearing. Defendant thereafter entered a conditional plea of guilty pursuant to Fed. R. Crim. P. 11(a)(2) to four counts of criminal misconduct, and appealed the district court's refusal to grant him an evidentiary hearing.[1] Our

---

[1] Specifically, Defendant pled guilty to one count of possession with intent to distribute marijuana and one count of possession with intent to distribute methamphetamine both in violation of 21 U.S.C. § 841(a)(1), one count of possession
(continued...)

jurisdiction arises under 28 U.S.C. § 1291. We summarily affirm.

In Franks, the Supreme Court held the Fourth Amendment entitles a defendant to an evidentiary hearing on a motion to suppress asserting the invalidity of a search warrant where the defendant makes a "substantial preliminary showing" that the affiant included a false statement in the affidavit supporting the warrant application either intentionally or with reckless disregard for the truth, and the false statement was necessary to establish probable cause. Franks, 438 U.S. at 155-56. Accounting for both the inclusion of false statements in a supporting affidavit as did Franks, and the omission of material statements from such affidavit as did Stewart v. Donges, 915 F.2d 572 (10th Cir. 1990), the Tenth Circuit recently held that a search warrant is invalid where (1) the affiant intentionally, or with reckless disregard for the truth, includes false statements in or omits material information from an affidavit, and (2) after excising such false statements and considering such material omissions, a corrected affidavit would not support a finding of probable cause.[2] United States v. Garcia-Zambrano, 530

_____

[1](...continued)
of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and one count of possession of an unregistered destructive device in violation of 26 U.S.C. § 5861(d).

[2] In Stewart, we opined that "[w]hether the omitted statement was material is determined by examining the affidavit as if the omitted information had been included and inquiring if the affidavit would still have given rise to probable cause for the warrant." Stewart, 915 F.2d at 582 n.13. Relying on United States v. Ippolito, 774 F.2d 1482, 1486-87 n.1 (9th Cir. 1985), we endorsed an approach that "would delete false or misleading statements and insert the omitted truths." Stewart, (continued...)

3

F.3d 1249, 1254 (10th Cir. 2008). On appeal, we review for clear error the district court's findings regarding whether the statements in the affidavit were true or false and whether any falsehoods were made intentionally or with reckless disregard for the truth. Id. We review de novo whether a corrected affidavit would support a finding of probable cause. Id.

In this case, the affidavit in support of the warrant application set forth "[t]he basic procedure for a controlled buy." Aplt's App'x at 21. Among other things, that procedure included fitting the confidential informant with a listening device and "maintaining sight of the informant as much as possible" without compromising the informant's safety. Aplt's App'x at 22. The affiant attested that the confidential informant had "made controlled buys of illegal drugs in the past under [a]ffiant's control," and had "provided [a]ffiant narcotics related information that [was] . . . both accurate and credible based on surveillance, [and] information received by other reliable confidential informants and concerned citizens." Aplt's App'x at 22. The affidavit represented that the confidential informant, within twenty-four hours prior, had "made a controlled buy of marijuana from a white male identified as Dylan Stiffler at the residence of 1431 Commercial Street" in Atchison, Kansas. Aplt's App'x at 22. At the time of the buy, Defendant told the informant that he "would have more marijuana for a

---

²(...continued)
915 F.2d at 582 n.13 (internal quotations omitted).

4

while and to look him up." Aplt's App'x at 22. The affidavit concluded by stating that the substance obtained had field-tested positive for marijuana and that police records indicated Defendant had previously listed his residence as 1431 Commercial Street. Aplt's App'x at 22.

On appeal, Defendant claims, as he did in the district court, that the affiant's police report and informant's written statement illustrate the misleading nature of the affidavit used to procure the search warrant. First, Defendant argues that the "basic procedure for a controlled buy" set forth in the affidavit was misleading because its wording would lead a reasonable magistrate to conclude the assisting officer, who is the affiant here, maintained constant visual and audio surveillance throughout the buy. Defendant points out that the police report indicates the informant's concealed audio device was able to decipher only the informant's voice. Moreover, both the police report and the informant's statement reveal the affiant did not view the actual buy, but rather waited at a car wash around the block. Second, Defendant argues the statements in the affidavit that the informant bought the marijuana at "the residence of 1431 Commercial Street," and that Defendant told the informant he "would have more marijuana for a while and to look him up," gave rise to false inferences that the buy took place inside Defendant's apartment rather than on the sidewalk in front of Defendant's residence and that affiant actually heard Defendant say, through the informant's audio device, that he had more marijuana.

5

Applying the first prong of our <u>Garcia-Zambrano</u> analysis, the district court found the language in the affidavit depicting a controlled buy "was boilerplate describing the way in which controlled purchases usually take place, and that would not necessarily indicate that this was a representation that the particular operation had occurred in that particular fashion." Aplt's App'x at 38-39. The court further found the statements in the affidavit to which Defendant objected "are statements that do not warrant an inference of some sort of intentional desire to mislead the magistrate judge. As I say, I think at worst [the affidavit] wasn't drafted as well as it should have been . . . ." Aplt's App'x at 39-40. But even *assuming* the statements in the affidavit exhibited the affiant's reckless disregard for the truth, the district court, consistent with the second prong of our <u>Garcia-Zambrano</u> analysis, reasoned that –

> if you simply took out those statements which are false or incorrect and added those statements omitted, the result would still be that there would have been probable cause here, all of which causes [the court] to believe, in the first stage of the analysis, that this was not an intentional attempt to mislead the magistrate. If this affidavit had correctly stated that the listening [device was designed to pick up Defendant's voice] . . . but that here [Defendant's] voice was unable to be heard, if the omitted language had been included, and Defendant and the cooperating individual were not able to be seen, that would not undercut the ability to derive probable cause in large part because of the allegations in Paragraphs 3 and 4 of the affidavit. In Paragraph 3, the affidavit indicates that the cooperating individual has provided the affiant with narcotics-related information that has been determined to be both accurate and credible based on surveillance information [and ] . . . other reliable information from citizens; and, Paragraph 4, that the [confidential informant] has made controlled buys of illegal drugs in the past under affiant's control.

Aplt's App'x at 40-41. As to Defendant's claim regarding the actual location of the buy, the court reasoned, again consistent with <u>Garcia-Zambrano</u>, that even if the affiant had accurately indicated the buy's precise location outside Defendant's apartment, the supporting affidavit still would have established the required nexus with Defendant's apartment, and therefore probable cause:

> Here I think that [the] inferences that can be drawn from the facts clearly support a finding of probable cause. The cooperating individual goes to [Defendant's] apartment building . . . and [Defendant] comes out of that apartment building with the contraband, with the marijuana. Now this is where I agree with the government that to have us warrant any further hearing here there would have needed to have been something to show that there was no basis for a reasonable inference that [Defendant] came out of his own apartment. There is nothing here that indicates that [Defendant] did come out of some other place in that building, that he came out of somebody else's apartment or he came out of some common area. There's no affidavit from [Defendant] to that effect. There certainly is no showing in either the police reports or the statement of the [informant] that anyone had any reason to believe that [Defendant] came out of anywhere but his own apartment and I believe . . . the issuing magistrate judge would have clearly found that it was a reasonable inference to draw that [Defendant] under the totality of the circumstances here came out of his own apartment within that apartment building to deliver the drugs, therefore, providing probable cause.[3] I see no basis for a hearing under <u>Franks v. Delaware</u> . . . .

Aplt's App'x at 43-44.

We have little to add to the district court's analysis of this case: "Where the

---

[3] In <u>Franks</u>, the Court indicated that to mandate an evidentiary hearing, an allegation of deliberate falsehood or reckless disregard for the truth must be accompanied by an offer of proof: "Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." <u>Franks</u>, 438 U.S. at 171.

7

district court accurately analyzes an issue and articulates a cogent rationale, it serves no useful purpose for us to write at length." United States v. Schmidt, 353 Fed. Appx. 132, 134 (10th Cir. 2009) (unpublished). The district court did not clearly err in finding Defendant failed to make a substantial preliminary showing that the affiant intentionally, or with reckless disregard for the truth, made false statements in or omitted material information from the affidavit supporting the search warrant application. To be sure, the district court recognized the affidavit lacked pinpoint accuracy and was perhaps inartfully drawn, but neither the Supreme Court nor the Tenth Circuit has ever suggested that those facts alone necessarily dictate a finding of malfeasance on the part of the affiant. The Fourth Amendment does not impose "[t]echnical requirements of elaborate specificity" upon nonlawyer affiants seeking to procure a search warrant. Illinois v. Gates, 462 U.S. 213, 235 (1983).

But even assuming the contrary, the district court did not err in deciding that Defendant still was not entitled to an evidentiary hearing on his motion to suppress. A corrected affidavit would have undoubtedly supported a finding of probable cause in this case. The Supreme Court has long held that reliable hearsay may support the issuance of a search warrant. See Jones v. United States, 362 U.S. 257, 271 (1960). If the affidavit had read as Defendant suggests it should have, the affidavit would have provided the reviewing magistrate a substantial basis on which to conclude that contraband was probably present in Defendant's residence. Here, the affiant swore to a basis for accepting the

8

informant's version of events, namely that the informant was truthful and reliable based on past experience.  See United States v. Campbell,  603 F.3d 1218, 1234 (10th Cir. 2010) ("Veracity, reliability, and basis of knowledge are extremely relevant factors in deciding whether a tip can support probable cause."). Defendant presented the district court with absolutely nothing to suggest the informant's version of events was inaccurate.  And that sounds the death knell of his request for an evidentiary hearing on his motion to suppress.

AFFIRMED.

Entered for the Court,

Bobby R. Baldock
United States Circuit Judge